UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ATLANTIC GRAPHICS, LTD., | ) | |
| d/b/a SIR SPEEDY PRINTING, | ) | |
| Plaintiff | ) | |
| | ) | C.A. NO.:  1:14-cv-12115 |
| v. | ) | |
| | ) | |
| PUBLIC SERVICE INSURANCE CO. | ) | |
| d/b/a MAGNA CARTA COMPANIES and | ) | |
| ALLAN INSURANCE AGENCY, INC. | ) | |
| Defendants. | ) | |

## AMENDED ANSWER OF DEFENDANT, PUBLIC SERVICE INSURANCE COMPANY TO PLAINTIFF'S AMENDED COMPLAINT, COUNTERCLAIM AND JURY DEMAND

Now comes the defendant, Public Service Insurance Company ("defendant") and

answers the Amended Complaint as follows:

## PRELIMINARY STATEMENT

Public Service Insurance Company ("PSI") denies all claims asserted by the plaintiff, Atlantic Graphics, Ltd. d/b/a Sir Speedy Printing ("Atlantic Graphics") arising out of the events surrounding the April 15, 2013 Boston Marathon.  PSI hereby asserts counterclaims for declaratory relief for the purpose of determining the parties' respective rights and obligations under an insurance policy issued to Atlantic Graphics. PSI asks this Honorable Court to determine and declare that has properly reimbursed Atlantic Graphics for any loss covered under the insurance policy and it has no further liability or obligation under the policy as a result of the subject claim or the incident on April 15, 2013.  More specifically: this Court should determine and declare that: (1) PSI has fulfilled all of its obligations under the policy by paying Atlantic Graphics $45,852.06 for its loss of business income under the insurance policy's Civil Authority coverage (which affords coverage for loss of business income for up to two weeks if a government authority prevented the insured from entering its premises); (2) PSI properly compensated Atlantic Graphics for the $45,852.06 in loss of business income it sustained for the nine (9) days it was closed after the incident; (3) the insurance policy provides no further basis for any additional, alleged loss of business income because Atlantic Graphics sustained no damage to real or personal property at its premises resulting from the incident on April 15, 2013; (4) the policy's "Certified Acts of Terrorism" coverage (which had been included in the policy for more than a decade) is inapplicable here because the incident on April 15, 2013 was never certified as an "Act of Terrorism," and (5) even if the incident had been certified as an "Act of Terrorism, then Atlantic Graphics would not be entitled to additional compensation for any alleged loss of business income because it sustained no damage to real or personal property at its premises and it was properly compensated under the available Civil Authority coverage.

## **PARTIES**

1)      The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiff to prove the same.

2)      The defendant admits that Public Service Insurance Company is authorized to do business in the Commonwealth of Massachusetts and domiciled in Illinois.

3)      The defendant admits that Public Service Insurance Company has a branch in Braintree, MA.

4)      Because the allegations contained in this paragraph relate to another party, no response is required.  To the extent that the allegations contained in this paragraph are intended to state a claim against Defendant, Public Service Insurance Company, they are denied.

## **FACTS**

5)      The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiff to prove the same.

6)      The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiff to prove the same.

7)      The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiff to prove the same.

874279.1

8)     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiff to prove the same.

9)     The defendant neither admits nor denies the allegations contained in this paragraph as the said allegations do not constitute a statement of fact, but rather a conclusion of law and as such do not require a response by defendant.  Insofar as the said allegations may be interpreted as statements of fact, they are denied.  The defendant further states that with regard to the referenced telephone conversation, the defendant neither admits nor denies the allegations contained in this paragraph as defendant is without sufficient information or knowledge to form a belief as to the truth of said allegations and calls upon the plaintiff to prove the same.

10)    The defendant neither admits nor denies the allegations contained in this paragraph as the said allegations do not constitute a statement of fact, but rather a conclusion of law and as such do not require a response by defendant.  Insofar as the said allegations may be interpreted as statements of fact, they are denied.  The defendant further states that with regard to the referenced telephone conversation, the defendant neither admits nor denies the allegations contained in this paragraph as defendant is without sufficient information or knowledge to form a belief as to the truth of said allegations and calls upon the plaintiff to prove the same.

11)    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  The defendant further states that with regard to whether there is coverage under the insurance policy, said allegations do not constitute a statement of fact, but rather a conclusion of law and as such do not

require a response by defendant.  Insofar as the said allegations may be interpreted as statements of fact, they are denied.

12)     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  The defendant further states that with regard to whether there is coverage under the insurance policy, said allegations do not constitute a statement of fact, but rather a conclusion of law and as such do not require a response by defendant.  Insofar as the said allegations may be interpreted as statements of fact, they are denied.

13)     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  The defendant further states that the insurance policy speaks for itself.

14)     The defendant admits that an incident occurred in Boston on May 15, 2013, but denies the remaining allegations and calls on the plaintiff to prove the same.

15)     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls on the plaintiff to prove the same.

16)     Denied.

17)     Denied.

18)     Denied.

19)     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Insofar as the said allegations may be interpreted as statements of fact or to in any manner state a claim of liability against the defendant, they are denied.

4

20)     Because the allegations contained in this paragraph state a legal conclusion, no answer is required.  To the extent that the allegations contained in this paragraph are intended in any manner to state a claim of liability against the defendant, they are denied. Defendant further states that the document(s) referred to therein speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein.

21)     The defendant neither admits nor denies the allegations contained in this paragraph as the said allegations do not constitute a statement of fact, but rather a conclusion of law and as such do not require a response by defendant.  Insofar as the said allegations may be interpreted as statements of fact, they are denied.  The defendant further states that with regard to the referenced telephone conversation, the defendant neither admits nor denies the allegations contained in this paragraph as defendant is without sufficient information or knowledge to form a belief as to the truth of said allegations and calls upon the plaintiff to prove the same.

22)     The defendant neither admits nor denies the allegations contained in this paragraph as the said allegations do not constitute a statement of fact, but rather a conclusion of law and as such do not require a response by defendant.  Insofar as the said allegations may be interpreted as statements of fact, they are denied.  The defendant further states that with regard to the referenced telephone conversation, the defendant neither admits nor denies the allegations contained in this paragraph as defendant is without sufficient information or knowledge to form a belief as to the truth of said allegations and calls upon the plaintiff to prove the same.

874279.1

23)     The defendant neither admits nor denies the allegations contained in this paragraph as the defendant is without sufficient information or knowledge to form a belief as to the truth of said allegations and calls upon the plaintiff to prove the same.

24)     The defendant neither admits nor denies the allegations contained in this paragraph as the said allegations do not constitute a statement of fact, but rather a conclusion of law and as such do not require a response by defendant.  Insofar as the said allegations may be interpreted as statements of fact, they are denied.  The defendant further states that with regard to the referenced telephone conversation, the defendant neither admits nor denies the allegations contained in this paragraph as defendant is without sufficient information or knowledge to form a belief as to the truth of said allegations and calls upon the plaintiff to prove the same.

25)     Denied.

26)     Denied.

27)     Denied.  The defendant further states the document(s) referred to therein speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein.

28)     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiff to prove the same.

29)     Denied.

30)     Denied.

31)     Denied.

32)     Denied.

6

33)     Denied.

34)     Denied.

35)     Denied.

36)     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiff to prove the same.

37)     The defendant admits that it sent the attached letter but denies the remaining allegations contained in this paragraph and calls upon the plaintiff to prove the same.

38)     Denied.

39)     Denied.

40)     Denied.

41)     Denied. The defendant further states the document(s) referred to therein speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein.

42)     The defendant neither admits nor denies the allegations contained in this paragraph as the said allegations do not constitute a statement of fact, but rather a conclusion of law and as such do not require a response by defendant.  Insofar as the said allegations may be interpreted as statements of fact or to in any manner state a claim of liability against the defendant, they are denied.

43)     The defendant neither admits nor denies the allegations contained in this paragraph as defendant is without sufficient information or knowledge to form a belief as to the truth of said allegations and calls upon the plaintiff to prove the same. The defendant

874279.1

further states the document(s) referred to therein speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein.

44)     The defendant neither admits nor denies the allegations contained in this paragraph as the said allegations do not constitute a statement of fact, but rather a conclusion of law and as such do not require a response by defendant.  Insofar as the said allegations may be interpreted as statements of fact or to in any manner state a claim of liability against the defendant, they are denied.

45)     The defendant neither admits nor denies the allegations contained in this paragraph as the said allegations do not constitute a statement of fact, but rather a conclusion of law and as such do not require a response by defendant.  Insofar as the said allegations may be interpreted as statements of fact or to in any manner state a claim of liability against the defendant, they are denied.

46)     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiff to prove the same.

47)     Denied.

48)     Denied.

49)     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiff to prove the same.

50)     Denied. The defendant further states the document(s) referred to therein speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein.

874279.1

51)     Denied.

52)     Denied.

53)     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiff to prove the same.

54)     Denied.

55)     Denied.

56)     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiff to prove the same.

57)     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiff to prove the same.   The defendant further states that the allegations contained in this paragraph state a legal conclusion.   To the extent that the allegations contained in this paragraph are intended in any manner to state a claim of liability against the defendant, they are denied.

58)     Denied. The defendant further states that the allegations contained in this paragraph state a legal conclusion.   To the extent that the allegations contained in this paragraph are intended in any manner to state a claim of liability against the defendant, they are denied.

59)     Denied.

60)     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiff to

874279.1

prove the same.   The defendant further states that the allegations contained in this paragraph state a legal conclusion.   To the extent that the allegations contained in this paragraph are intended in any manner to state a claim of liability against the defendant, they are denied.

61)    Denied.

62)    Denied.

63)    Denied.

64)    Denied.

65)    Denied.

66)    Denied.

67)    Denied.

68)    Denied.

**COUNT I**
**BREACH OF CONTRACT**
**(Against PSI)**

69)    The defendant repeats, re-alleges, and incorporates by reference its answers to the allegations contained in Paragraphs 1 through 68 above, as if expressly rewritten and set forth herein.

70)    Because the allegations contained in this paragraph state a legal conclusion, no answer is required.   To the extent that the allegations contained in this paragraph are intended in any manner to state a claim of liability against the defendant, they are denied.

71)    Because the allegations contained in this paragraph state a legal conclusion, no answer is required.   To the extent that the allegations contained in this paragraph are intended in any manner to state a claim of liability against the defendant, they are denied.

874279.1

72)    Because the allegations contained in this paragraph state a legal conclusion, no answer is required.  To the extent that the allegations contained in this paragraph are intended in any manner to state a claim of liability against the defendant, they are denied.

73)    Denied.

74)    Denied.

75)    Denied.

WHEREFORE, the defendant demands judgment on its behalf together with interest, costs, and attorneys' fees.

## COUNT II
## BREACH OF CONTRACT
## (Against Allan Insurance)

76)    The defendant repeats, re-alleges, and incorporates by reference its answers to the allegations contained in Paragraphs 1 through 75 above, as if expressly rewritten and set forth herein.

77)    Because the allegations contained in this paragraph are not directed to the defendant, no response is required.  Insofar as the allegations contained in this paragraph may be interpreted as applying to the defendant, they are denied.

78)    Because the allegations contained in this paragraph are not directed to the defendant, no response is required.  Insofar as the allegations contained in this paragraph may be interpreted as applying to the defendant, they are denied.

79)    Because the allegations contained in this paragraph are not directed to the defendant, no response is required.  Insofar as the allegations contained in this paragraph may be interpreted as applying to the defendant, they are denied.

874279.1

80)     Because the allegations contained in this paragraph are not directed to the defendant, no response is required.  Insofar as the allegations contained in this paragraph may be interpreted as applying to the defendant, they are denied.

81)     Because the allegations contained in this paragraph are not directed to the defendant, no response is required.  Insofar as the allegations contained in this paragraph may be interpreted as applying to the defendant, they are denied.

WHEREFORE, the defendant demands judgment on its behalf together with interest, costs, and attorneys' fees.

### COUNT III
### BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
### (Against PSI and Allan Insurance)

82)     The defendant repeats, re-alleges, and incorporates by reference its answers to the allegations contained in Paragraphs 1 through 81 above, as if expressly rewritten and set forth herein.

83)     Denied.

84)     Denied.

WHEREFORE, the defendant demands judgment on its behalf together with interest, costs, and attorneys' fees.

### COUNT IV
### VIOLATION OF M.G.L. CHAPTER 93A & 176D
### (Against PSI)

85)     The defendant repeats, re-alleges, and incorporates by reference its answers to the allegations contained in Paragraphs 1 through 84 above, as if expressly rewritten and set forth herein.

874279.1

86)     Because the allegations contained in this paragraph state a legal conclusion, no answer is required.  To the extent that the allegations contained in this paragraph are intended in any manner to state a claim of liability against the defendant, they are denied.

87)     Denied.

88)     Denied.

89)     Denied.

90)     Denied.

91)     Denied.

WHEREFORE, the defendant demands judgment on its behalf together with interest, costs, and attorneys' fees.

## COUNT V
## VIOLATION OF M.G.L. CHAPTER 93A
## (Against Allan Insurance)

92)     The defendant repeats, re-alleges, and incorporates by reference its answers to the allegations contained in Paragraphs 1 through 91 above, as if expressly rewritten and set forth herein.

93)     Because the allegations contained in this paragraph are not directed to the defendant, no response is required.  Insofar as the allegations contained in this paragraph may be interpreted as applying to the defendant, they are denied.

94)     Because the allegations contained in this paragraph are not directed to the defendant, no response is required.  Insofar as the allegations contained in this paragraph may be interpreted as applying to the defendant, they are denied.

874279.1

95)     Because the allegations contained in this paragraph are not directed to the defendant, no response is required.  Insofar as the allegations contained in this paragraph may be interpreted as applying to the defendant, they are denied.

96)     Because the allegations contained in this paragraph are not directed to the defendant, no response is required.  Insofar as the allegations contained in this paragraph may be interpreted as applying to the defendant, they are denied.

97)     Because the allegations contained in this paragraph are not directed to the defendant, no response is required.  Insofar as the allegations contained in this paragraph may be interpreted as applying to the defendant, they are denied.

98)     Because the allegations contained in this paragraph are not directed to the defendant, no response is required.  Insofar as the allegations contained in this paragraph may be interpreted as applying to the defendant, they are denied.

99)     Because the allegations contained in this paragraph are not directed to the defendant, no response is required.  Insofar as the allegations contained in this paragraph may be interpreted as applying to the defendant, they are denied.

WHEREFORE, the defendant demands judgment on its behalf together with interest, costs, and attorneys' fees.

### COUNT VI
### MISREPRESENTATION
### (Against Allan Insurance)

100)   The defendant repeats, re-alleges, and incorporates by reference its answers to the allegations contained in Paragraphs 1 through 99 above, as if expressly rewritten and set forth herein.

874279.1

101)    Because the allegations contained in this paragraph are not directed to the defendant, no response is required.  Insofar as the allegations contained in this paragraph may be interpreted as applying to the defendant, they are denied.

102)    Because the allegations contained in this paragraph are not directed to the defendant, no response is required.  Insofar as the allegations contained in this paragraph may be interpreted as applying to the defendant, they are denied.

103)    Because the allegations contained in this paragraph are not directed to the defendant, no response is required.  Insofar as the allegations contained in this paragraph may be interpreted as applying to the defendant, they are denied.

104)    Because the allegations contained in this paragraph are not directed to the defendant, no response is required.  Insofar as the allegations contained in this paragraph may be interpreted as applying to the defendant, they are denied.

105)    Because the allegations contained in this paragraph are not directed to the defendant, no response is required.  Insofar as the allegations contained in this paragraph may be interpreted as applying to the defendant, they are denied.

WHEREFORE, the defendant demands judgment on its behalf together with interest, costs, and attorneys' fees.

### COUNT VII
### PROMISSORY ESTOPPEL
### (Against Allan Insurance)

106)    The defendant repeats, re-alleges, and incorporates by reference its answers to the allegations contained in Paragraphs 1 through 91 above, as if expressly rewritten and set forth herein.

107)    Because the allegations contained in this paragraph are not directed to the defendant, no response is required.  Insofar as the allegations contained in this paragraph may be interpreted as applying to the defendant, they are denied.

108)    Because the allegations contained in this paragraph are not directed to the defendant, no response is required.  Insofar as the allegations contained in this paragraph may be interpreted as applying to the defendant, they are denied.

109)    Because the allegations contained in this paragraph are not directed to the defendant, no response is required.  Insofar as the allegations contained in this paragraph may be interpreted as applying to the defendant, they are denied.

110)    Because the allegations contained in this paragraph are not directed to the defendant, no response is required.  Insofar as the allegations contained in this paragraph may be interpreted as applying to the defendant, they are denied.

WHEREFORE, the defendant demands judgment on its behalf together with interest, costs, and attorneys' fees.

### COUNT VIII
### NEGLIGENCE
### (Against Allan Insurance)

111)    The defendant repeats, re-alleges, and incorporates by reference its answers to the allegations contained in Paragraphs 1 through 91 above, as if expressly rewritten and set forth herein.

112)    Because the allegations contained in this paragraph are not directed to the defendant, no response is required.  Insofar as the allegations contained in this paragraph may be interpreted as applying to the defendant, they are denied.

874279.1

113)   Because the allegations contained in this paragraph are not directed to the defendant, no response is required.   Insofar as the allegations contained in this paragraph may be interpreted as applying to the defendant, they are denied.

114)   Because the allegations contained in this paragraph are not directed to the defendant, no response is required.   Insofar as the allegations contained in this paragraph may be interpreted as applying to the defendant, they are denied.

WHEREFORE, the defendant demands judgment on its behalf together with interest, costs, and attorneys' fees.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The acts complained of were committed by a person(s) for whose conduct the defendant is not legally responsible.

### SECOND AFFIRMATIVE DEFENSE

If the plaintiff proves that the defendant was negligent as alleged, which the defendant denies, the plaintiff was negligent to a greater degree than the defendant and is barred from recovery under the comparative negligence law of the Commonwealth of Massachusetts.

### THIRD AFFIRMATIVE DEFENSE

Should it be found that the defendant was negligent and such negligence exceeded that of the plaintiff, then the damages assessable against the defendant must be reduced by the percentage of negligence attributable to the plaintiff in accordance with Mass. General Laws ch. 231, § 85.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiff has failed to give notice as required by law and is therefore barred from recovery.

874279.1

<u>SIXTH AFFIRMATIVE DEFENSE</u>

If the plaintiff was injured or damaged as alleged, the plaintiff assumed the risk of such injuries or damage and that conduct was a cause of the plaintiff's injury and/or damages, and therefore the plaintiff is barred from recovery.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

This action is barred by the applicable statute of limitations and/or statute of repose.

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

The plaintiff is not entitled to recovery because of its failure to mitigate its alleged damages.

<u>NINTH AFFIRMATIVE DEFENSE</u>

The Complaint should be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction.

<u>TENTH AFFIRMATIVE DEFENSE</u>

The Complaint should be dismissed pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure for improper venue.

<u>ELEVENTH AFFIRMATIVE DEFENSE</u>

The Complaint should be dismissed pursuant to Rule 12(b)(4) of the Federal Rules of Civil Procedure for insufficiency of process.

<u>TWELFTH AFFIRMATIVE DEFENSE</u>

The Complaint should be dismissed pursuant to Rule 12(B)(5) of the Federal Rules of Civil Procedure for insufficiency of service of process.

<u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

To the extent the defendant had any obligations to the plaintiff, such obligations have been fully, completely, and properly performed.

<u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

The plaintiff's claims are barred under the equitable doctrine of laches and/or unclean hands.

874279.1

## FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because of misnomer of the defendant, its true name being Public Service Mutual Insurance Company.

## SIXTEENTH AFFIRMATIVE DEFENSE

The plaintiff failed to comply with the terms and conditions of the policy(ies) of insurance issued by defendant, wherefore the plaintiff is barred from recovery in this action.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The plaintiff is not entitled to coverage under the alleged insurance policy(ies) for said loss under the terms and conditions of the said policy(ies) of insurance.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The defendant states that the damages claimed in the plaintiff's complaint are not covered under the terms and conditions of the policy issued by defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

Any obligation that the defendant may have to indemnify the plaintiffs is limited or eliminated by the terms and conditions of the policy issued by the defendant, including but not limited to any and all applicable exclusions and/or limitations contained in said policy.

## TWENTIETH AFFIRMATIVE DEFENSE

Any duty of defendant to provide coverage to the plaintiff is subject to all applicable deductibles, retentions, retrospective premiums, and limits of liability under the policy(ies) issued by defendant.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent that defendant had any obligations to the plaintiff, such obligations have been performed fully, completely, reasonably, properly and in good faith in every respect.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted, insofar as the plaintiff claims relief pursuant to M.G.L. Chapter 93A.

874279.1

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The dispute between the plaintiffs and defendants constitutes a good faith dispute on the part of the defendants regarding the interpretation and application of insurance coverage, and the actions of the defendants have been based upon a plausible, good faith understanding of any obligations owed by them, and therefore they have not committed an unfair or deceptive act or practice within the meaning of G.L. c. 93A.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Any assessment of interest against the plaintiff/defendant-in-counterclaim is barred as being confiscatory and violative of the United States and Massachusetts Constitutions. Plaintiff/defendant-in-counterclaim will serve notice of this defense on the Attorney General of the Commonwealth of Massachusetts as provided under G.L. c. 231A, § 8.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Any assessment of punitive damages against the plaintiff/defendant-in-counterclaim is barred as being confiscatory and violative of the United States and Massachusetts Constitutions.  The plaintiff/defendant-in-counterclaim will service notice of this defense on the Attorney General of the Commonwealth as provided under G.L. c. 231A, § 8.

**THE DEFENDANT RESERVES THE RIGHT TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES UPON COMPLETION OF DISCOVERY.**

# COUNTERCLAIM

## DEFENDANT, PUBLIC SERVICE INSURANCE COMPANY'S, COUNTERCLAIM FOR DECLARATORY JUDGMENT

## PRELIMINARY STATEMENT

1. This is a counterclaim for declaratory relief for the purpose of determining the parties' respective rights and obligations under an insurance policy issued by Public Service Insurance Company to Atlantic Graphics, Ltd. d/b/a Sir Speedy Printing.

## PARTIES

2. Defendant/Plaintiff in Counterclaim, Public Service Insurance Company ("PSI"), is a company domiciled in Illinois, authorized to do business in Massachusetts and has a branch location at 25 Braintree Hill Office Park, Suite 306, Braintree, MA 02184.

3. Plaintiff/Defendant in Counterclaim, Atlantic Graphics, Ltd. d/b/a Sir Speedy Printing ("Atlantic Graphics"), is a corporation organized and existing under the laws of

874279.1

Massachusetts, with a principal place of business located at 827 Boylston Street, Boston, Massachusetts 02116.

## THE POLICY

4. PSI issued a Future Business Custom Policy (policy form FB34 02 (ed. 07/93)), policy number BF 003350, with effective dates of 6/1/2012 to 6/1/2013, to Atlantic Graphics ("policy").

5. The policy was issued to and for Atlantic Graphics' business, located at 827 Boylston Street, Boston, Massachusetts 02116.

6. In relevant part, the policy provides coverage for loss of business income, as follows:

> **When We Will Cover Your Loss of Business Income.**
> We will cover your actual loss of business income that results if any real or personal property at your premises described on the Coverage Data Page is damaged or destroyed by a cause of loss that is covered under the section of your policy headed *Causes of Loss Which Are Covered*, and not excluded in the section headed *Causes Of Loss Which Are Not Covered*…

7. The policy also provides limited coverage for loss of business income resulting from the insured's inability to access its premises by order of a governmental authority ("Civil Authority coverage"). The policy states as follows:

> **If You Are Denied Access to Your Premises**. If a government authority prevents you from entering your premises described on the Coverage Data Page because of damage to other property nearby, we will cover your loss of business income for up to two weeks. However the other property involved must have been damaged by a cause of loss covered by this policy.

8. In the absence of damage to or the destruction of real or personal property at the insured's premises, there is no coverage for any loss of business income (other than the limited coverage available under the "Civil Authority" coverage (for no more than two weeks)).

9. Atlantic Graphics also elected to purchase "Certified Acts of Terrorism" coverage.

10. The "Certified Acts of Terrorism" coverage has been included in the insurance policies that Atlantic Graphics obtained from PSI for more than ten (10) years.

11. As described in the policy's POLICYHOLDER DISCLOSURE NOTICE OF TERRORISM COVERAGE provides as follows:

> The [federal Terrorism Insurance] Act applies when the Secretary of the Treasury certifies than an event meets the definition of an act of terrorism.  The Act provides that, to be certified, an act of terrorism must cause losses of at least five million dollars and must have been committed by an individual or individuals as part of an effort to coerce the government or population of the United States.
>
> In accordance with the Act, we are required to offer you coverage for losses resulting from an act of terrorism **that is certified under the federal program** as an act of terrorism. The policy's other provisions will still apply to such an act.

12. Even if an event is certified as "Act of Terrorism," then there is no coverage for loss of business income in the absence of damage to or destruction of real or personal property at the insured's premises (other than any coverage available under the Civil Authority coverage).

## THE CLAIM

13. In connection with the events surrounding the Boston Marathon of April 15, 2013 in Boston, Massachusetts (the "Incident"), Atlantic Graphics' business was closed under mandate of government authority for a total of nine (9) business days.

14. In connection with the events surrounding the Incident, there was no damage or destruction to any real or personal property at Atlantic Graphics' premises at 827 Boylston Street, Boston, Massachusetts 02116.  Atlantic Graphics' premises were approximately 120 yards away from the alleged Incident that occurred in the immediate vicinity of 673 and 755 Boylston Street in Boston.

15. On April 25, 2013, nine (9) business days after the Incident, Atlantic Graphics' business became fully operational and accessible to the public, employees, and vendors.

16. Atlantic Graphics subsequently submitted an insurance claim to PSI for loss of business income coverage in connection with the Incident.

17. PSI compensated Atlantic Graphics a total of $45,852.06 under the policy's Civil Authority coverage which represents the total loss of income for the nine (9) business days it remained closed after the Incident.

18. Atlantic Graphics has never alleged that there was any damage or destruction to its premises.

19.  There is no additional coverage available under any provision of the policy (including the Acts of Terrorism coverage) because there was no damage to real or personal property at its premises in connection with the Incident.

## COUNT I
## (DECLARATORY JUDGMENT)

20.  PSI repeats, re-alleges and incorporates by reference the allegations contained in paragraphs one through nineteen above, as if expressly re-written and set forth herein.

21.  An actual and bona fide controversy exists between the parties as to their legal rights and responsibilities with respect to the insurance policy issued by PSI to Atlantic Graphics, and the parties' rights and liabilities can only be determined by Declaratory Judgment.

22.  The policy's Civil Authority coverage is limited to the nine (9) days that Atlantic Graphics was prevented from entering the business by order of a governmental authority.

23.  PSI has complied with all of its obligations with regard to the policy's Civil Authority coverage by compensating Atlantic Graphics $45,852.06 for its nine (9) days of lost business income.

24.   Atlantic Graphics has received full and complete compensation for all losses covered under the policy.

25.  The policy provides no further basis for any additional, alleged loss of business income because Atlantic Graphics sustained no damage to real or personal property at its premises resulting from the Incident.

26.  The policy's "Certified Acts of Terrorism" coverage is inapplicable here because the Incident was never certified as an "Act of Terrorism."

27.   Under the terms of the policy, loss of business income coverage is not triggered because there was no damage to real or personal property at Atlantic Graphics' premises resulting from the Incident.  There is no loss of business income coverage (other then the limited Civil Authority coverage) when there is no damage to property at the premises, regardless of whether the incident in question was a Certified Act of Terrorism or some other act.

28.   The policy's Civil Authority coverage is limited to the time period that a "government authority prevents [Atlantic Graphics] from entering your premises . . . for up to two weeks".  The Civil Authority coverage is only applicable for the nine days that Atlantic Graphics could not enter its premises, regardless of whether the incident that resulted in the government authority's order was a "Certified Act of Terrorism".

874279.1

WHEREFORE, PSI demands that this Court enter an order in its favor against Atlantic Graphics:

1.  Declaring that:

    a.  PSI has fulfilled all of its obligations under the policy by payment of $ $45,852.06 to Atlantic Graphics.

    b.  PSI has fulfilled all of its obligations with regard to the policy's Civil Authority coverage.

    c.  There is no loss of business income coverage applicable here (other than the limited Civil Authority coverage) because there was no damage to real or personal property at Atlantic Graphics' premises resulting from the Incident.

    d.  There is no "Certified Acts of Terrorism" coverage for the Incident was never certified as an "Act of Terrorism."

    e.  PSI has no further liability or obligation under the policy to Atlantic Graphics as a result of the subject claim, or the Incident on April 15, 2013;

    f.  PSI is entitled to disclaim coverage for any additional claims asserted under the policy by Atlantic Graphics, and

    2. Awarding PSI the costs herein expended and such other and further relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

THE DEFENDANT DEMANDS A TRIAL BY JURY ON ALL CLAIMS AND ISSUES.

874279.1

Respectfully submitted,
The defendant,

Public Service Insurance Company

By their attorney,

/s/  John A. Donovan III
John A. Donovan, III
BBO# 631110
SLOANE and WALSH, LLP
Three Center Plaza
Boston, MA  02108
(617) 523-6010

## CERTIFICATE OF SERVICE

I, John A. Donovan III certify that on this 19th day of August 2014, I sent a true copy of the within documents by electronic means (ECF) and first class mail, postage prepaid, to:

James L. Rudolph, Esquire
Kara Moheban McLoy, Esquire
RUDOLPH FRIEDMANN, LLP
92 State Street
Boston, MA  02109

/s/ John A. Donovan III
John A. Donovan III

874279.1